# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WERNY CASTRO,<br><br>    On behalf of himself and all other similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>LINDEN BULK TRANSPORTATION LLC a/k/a ODYSSEY LBT LLC; and ABC CORPS. 1-10 and JOHN/JANE DOES 1-10,<br><br>    Defendants. | Civil Action No.: 2:19-cv-20442-SDW-LDW<br><br><br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Werny Castro, on behalf of himself and all other similarly situated persons, by way of First Amended Class Action Complaint against Defendants Linden Bulk Transportation LLC, also known as Odyssey LBT LLC, and ABC Corps 1-10 and John/Jane Does 1-10, alleges as follows:

## INTRODUCTION

1.  Plaintiff Werny Castro (hereinafter "Plaintiff"), a truck driver, on behalf of himself and all other similarly situated persons, brings this putative class action lawsuit against Defendant Linden Bulk Transportation LLC alleging that he and the putative class members were misclassified as independent contractors by Defendant and consequently seek to recover significant economic damages sustained as a result of Defendant's unlawful withholdings or deductions from, and/or unlawful diversions of, their wages and compensation in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL").

2. As set forth below, the Plaintiff and other similarly situated individuals have been improperly misclassified as independent contractor "owner/operators", rather than employees of Defendant and have been denied various benefits to which they are entitled as employees under New Jersey law. Based on their misclassification, they have also been required to pay large fees in order to obtain truck driving work from Defendant, which effectively amounts to Defendant charging them for a job. They have also had numerous improper deductions taken from their pay and they have been required to pay the expenses necessary to perform their jobs.

## THE PARTIES

3. Plaintiff resides in the City of Clifton in the County of Passaic in the State of New Jersey.

4. At all relevant times hereto, Plaintiff was a truck driver for Defendant Linden Bulk Transportation LLC and its predecessor entity, Linden Bulk Transportation Co., Inc.

5. Defendant Linden Bulk Transportation LLC is a for-profit business, organized and existing under the laws of the State of Delaware, with its principal place of business located at 4200 Tremley Point Road in the City of Linden in the County of Union in the State of New Jersey.

6. Defendant Linden Bulk Transportation LLC, formerly operating as Linden Bulk Transportation Co., Inc., also does business as and/or is also known Odyssey LBT LLC (referred to herein after as "Linden Bulk").

7. Defendant Linden Bulk does have the active USDOT number of 2897186 registered with the Federal Motor Carrier Safety Administration ("FMCSA").

8. Defendant Linden Bulk provides bulk truck and intermodal transportation and delivery services for its clients or customers.

9. Defendant Linden Bulk delivers cargo that includes liquids, chemicals, gasses and intermodal containers (the "Defendants' Cargo") from its facility/lot located on Tremley Point Road in Linden, New Jersey (the "Linden Facility"), to various ports in New Jersey, including but not limited to, the Port Newark Container Terminal located in the City of Newark in the County of Essex in the State of New Jersey.

10. Defendant Linden Bulk operates as a subsidiary of Odyssey Logistics & Technology Corporation ("Odyssey").

11. Odyssey is a for-profit corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located at 39 Old Ridgebury Road in the City of Danbury in the County of Fairfield in the State of Connecticut.

12. M&S Leasing Co., L.L.C. ("M&S Leasing"), is a for-profit business, organized and existing under the laws of the State of New Jersey, with its principal place of business located at 4200 Tremley Point Road in the City of Linden in the County of Union in the State of New Jersey.

13. Defendant Linden Bulk was at all relevant times herein an "employer" of Plaintiff and certain other similarly situated employees, as defined by the NJWPL.

14. The putative class of similarly situated persons Plaintiff seeks to represent in this putative class action is defined herein as:

> All individuals that contracted as "owner-operators" with Linden Bulk, or its predecessors-in-interest, and provided truck driving services out of the Linden Facility from August 21, 2013 through to the present. (Hereinafter the "Putative Class Members").

15. Defendants ABC Corps. 1-10 and/or John/Jane Does 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Plaintiff and the Putative Class Members under the NJWPL.

## MISCLASSIFICATION ALLEGATIONS

16. Plaintiff and all of the Putative Class Members contracted with Linden Bulk and its predecessor-in-interest entities to provide truck driving services out of the Linden Facility under an "Equipment Lease Agreement" (hereinafter the "Agreement").

17. The Agreement is made by and between the Putative Class Member, as "Lessor", and Defendant Linden Bulk, as "Lessee".

18. The Agreement purports to classify the Putative Class Member's relationship with Defendant Linden Bulk as one in which Defendant "leases" a tractor trailer from Plaintiff.

19. In reality, however, unless the Putative Class Member already owns his or her own tractor trailer, he or she must lease a tractor trailer owned by M&S Leasing. See, e.g., Exhibit A attached hereto.

20. For example, the tractor trailer Plaintiff was provided on January 7, 2019 to perform truck driving services for Defendant Linden Bulk out of the Linden Facility was owned by M&S Leasing and registered under Defendant Linden Bulk's USDOT number. Id.

21. Notwithstanding this façade, the Agreement then provides for payment of services provided by the Putative Class Member pursuant to a compensation schedule.

22. The Agreement also expressly defines the relationship between the Putative Class Member and Defendant Linden Bulk as an "independent contractor" relationship.

23. However, Plaintiff and the Putative Class Members were/are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C) pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015), for purposes of the NJWPL (hereinafter the "ABC Test").

24. Plaintiff and the Putative Class Members were purposefully misclassified as independent contractors by Defendant Linden Bulk to conceal and thwart the fact that there existed

an employer-employee relationship between Defendant Linden Bulk and the Putative Class Members.

25. Defendant Linden Bulk exercised significant control both directly over Plaintiff and the Putative Class Members as well as the ability of Plaintiff and the Putative Class Members to complete their work of delivering Defendant's Cargo for Defendant to Defendant's customers and clients. This control included, but was not limited to, Defendant's dispatchers providing Plaintiff and the Putative Class Members with the daily work they were required to perform (i.e. providing delivery manifests, bills of lading, shipping invoices, etc.); determining what time they had to arrive at the Linden Facility; requiring that the Plaintiff's and the Putative Class Members' trucks were stored at the Linden Facility; requiring that the Plaintiff and the Putative Class Members had to return to the Linden Facility at the end of each workday to drop off; requiring that the Plaintiff and the Putative Class Members complete specific shipping invoices which identified Defendant's place of business; requiring that the Plaintiff and the Putative Class Members complete and return "Time Verification Report[s]"; and maintaining the ability to terminate the services and work provided by Plaintiff and the Putative Class Members at Defendant's discretion.

26. The work performed by Plaintiff and the Putative Class Members, i.e. driving trucks to transport Defendant's Cargo, was performed within the usual course of Defendant's business, which was to transport Defendant's Cargo to various ports in New Jersey to Defendant's customers or clients.

27. The work performed by Plaintiff and the Putative Class Members was performed within Defendant's places of business, including the Linden Facility and Defendant's Cargo routes.

28. The Plaintiff and the Putative Class Members do not work in an independently established trade, occupation, profession, or business.

29. The Plaintiff and the Putative Class Members do not have their own clientele and rely/relied exclusively upon Defendant for work.

30. Once the Defendant decided to terminate the Plaintiff or Putative Class Member's Agreement, Plaintiff and the Putative Class Member joined the ranks of the unemployed.

## WAGE PAYMENT ALLEGATIONS

31. The NJWPL prohibits employers from withholding or diverting any portion of an employee's wages (hereinafter "unlawful deductions") unless the deductions fall into one of eleven (11) specifically enumerated statutory categories. See N.J.S.A. 34:11-4.4.

32. Defendant Linden Bulk compensated Plaintiff and the Putative Class Members for the labor or services rendered by them on a "task" or "piece" basis, which constitute "wages" under the NJWPL.

33. Defendant made, took and/or required the following unlawful deductions from Plaintiff and the Putative Class Members' wages:

    a) requiring the Plaintiff and Putative Class Members pay for their own diesel fuel while performing trucking labor or services for Defendant;

    b) requiring the Plaintiff and Putative Class Members pay for their own oil while performing trucking labor or services for Defendant;

    c) requiring the Plaintiff and Putative Class Members pay all fuel taxes while performing trucking labor or services for Defendant;

    d) requiring the Plaintiff and Putative Class Members pay for all tolls while performing trucking labor or services for Defendant;

      e)      requiring the Plaintiff and Putative Class Members pay for parts, supplies and services performed to the tractor trailers they leased from Defendant;

      f)      "administrative charges";

      g)      requiring the Plaintiff and Putative Class Members pay for Equipment and Liability Insurance while performing trucking labor or services for Defendant;

      h)      requiring the Plaintiff and Putative Class Members pay for Emergency Services Insurance while performing trucking labor or services for Defendant;

      i)      requiring the Plaintiff and Putative Class Members pay for Occupational Accident Insurance while performing trucking labor or services for Defendant;

      j)      requiring the Plaintiff and Putative Class Members pay for all road and fuel tax permits while performing trucking labor or services for Defendant;

      k)      requiring the Plaintiff and Putative Class Members pay for all telephone calls while performing trucking labor or services for Defendant;

      l)      requiring the Plaintiff and Putative Class Members pay for all faxes while performing trucking labor or services for Defendans;

      m)      "Late Paperwork" fees;

      n)      "Late Tractor Inspection" fees;

      o)      "Administrative Transactions" fees;

      p)      "plates and permits" fees;

      q)      "tractor lease payments";

      r)      requiring the Plaintiff and Putative Class Members pay for all tools used while performing trucking labor or services for Defendant;

s) requiring the Plaintiff and Putative Class Members pay for truck hoses while performing trucking labor or services for Defendant; and

t) other unlawful deductions.

34. Defendant Linden Bulk's aforementioned unlawful deductions from the Plaintiff and Putative Class Members' compensation ultimately decreased the amount of wages they were entitled to under the NJWPL.

35. Defendant's unlawful deductions from the Plaintiff and Putative Class Members' wages denied/denies them compensation to which they were/are legally entitled to receive.

## CLASS ACTION ALLEGATIONS

36. This action is brought and may properly proceed as a class action, pursuant to Rule 4:32 of the Rules Governing the Courts of the State of New Jersey.

37. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

38. There are questions of law and fact common to all members of the Putative Class that predominate over questions affecting only individuals. These common questions include:

a. Whether the Putative Class Members were misclassified as independent contractors for purposes of the NJWPL pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015);

b. Whether Defendant Linden Bulk reduced the Putative Class Members' compensation by making, taking or requiring unlawful deductions from their wages; and

c. Whether the conduct alleged in Paragraph 38(b), above, violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14.

39. Plaintiff does not have interests antagonistic to those of the Putative Class Members. Plaintiff's claims are typical of the claims of the Putative Class Members.

40. Plaintiff will fairly and adequately protect the interests of the Putative Class Members and has retained competent counsel experienced in this type of matter, specifically class action litigation and independent contractor misclassification in particular.

41. Common questions of law and fact predominate over any questions that only affect individual Putative Class Members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an orderly and expeditious administration of the Putative Class Members' claims.

43. The prosecution of separate actions by individual members of the Putative Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW)

44. Plaintiff reasserts Paragraphs 1-43 as if set forth at length herein.

45. Defendant Linden Bulk is subject to the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL").

46. Defendant's misclassification of the Plaintiff and the Putative Class Members as independent contractors is contrary to the NJWPL and Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015).

47. Any agreement(s) entered into by and between Defendant and the Plaintiff and the Putative Class Members that provide otherwise is/are unlawful, null and void to the extent they allow Defendants to circumvent their remedial and humanitarian legal obligations under the NJWPL. See N.J.S.A. 34:11-4.7.

48. Defendant's conduct against the Plaintiff and the Putative Class Members violates the NJWPL by requiring the Plaintiff the Putative Class Members to pay for the unlawful deductions listed above and/or directly deducting the cost of said unlawful deductions from their compensation. See N.J.S.A. 34:11-4.4; N.J.A.C. 12:55-2.1.

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiff Werny Castro, on behalf of himself and all other Putative Class Members, respectfully requests that the Court enter judgment in their favor and against Defendant Linden Bulk Transportation LLC as follows:

a. Certify a class action pursuant Rule 4:32 of the Rules Governing the Courts of the State of New Jersey and appoint Plaintiff and his counsel to represent the class;

b. Declare and find that Defendant Linden Bulk misclassified the Plaintiff and the Putative Class Members as independent contractors under N.J.S.A. 43:21-19(i)(6)(A)-(C);

c. Declare and find that Defendant Linden Bulk violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -33.6;

d. Award compensatory damages, including all unpaid wages and underpaid wages as well as all expenses owed, unlawful deductions taken and liquidated damages in an amount according to proof;

e. Award treble damages and/or liquidated damages pursuant to the NJWPL, as amended;

f. Award all costs, expenses and attorney's fees, with appropriate fee enhancement, incurred in prosecuting this claim;

g. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

h. Injunctive relief in the form of an order directing Defendant Linden Bulk to comply

      with New Jersey law; and

i.   Such other relief as in law or equity may pertain.

## DEMAND TO PRESERVE EVIDENCE

**DEMAND IS HEREBY MADE** that Defendant Linden Bulk preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiff and the Putative Class Members' labor and services performed; (b) their claims under the New Jersey Wage Payment Law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this Class Action Complaint and Jury Trial Demand pleading. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all issues so triable.

Date: December 9, 2019  
East Windsor, New Jersey

Respectfully submitted,

By: *s/ Ravi Sattiraju*  
SATTIRAJU & THARNEY, LLP  
Ravi Sattiraju, Esq.  
Anthony S. Almeida, Esq.  
50 Millstone Road  
Building 300, Suite 202  
East Windsor, New Jersey 08520  
Tel: (609) 469-2110  
Fax: (609) 228-5649  
Email: rsattiraju@s-tlawfirm.com  
aalmeida@s-tlawfirm.com

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Ravi Sattiraju, Esq., counsel for Plaintiff Werny Castro, on behalf of himself and others similarly situated, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

Date: December 9, 2019  
East Windsor, New Jersey

Respectfully submitted,

By: *s/ Ravi Sattiraju*  
SATTIRAJU & THARNEY, LLP  
Ravi Sattiraju, Esq.  
Anthony S. Almeida, Esq.  
50 Millstone Road  
Building 300, Suite 202  
East Windsor, New Jersey 08520  
Tel: (609) 469-2110  
Fax: (609) 228-5649  
Email: rsattiraju@s-tlawfirm.com  
aalmeida@s-tlawfirm.com