UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WERNY CASTRO,<br>*On behalf of himself and all other similarly situated persons,*<br><br>Plaintiff,<br><br>v.<br><br>LINDEN BULK TRANSPORTATION LLC a/k/a ODYSSEY LBT LLC, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>19-20442 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Werny Castro's Motion to Remand this action to the Superior Court of New Jersey, Law Division, Essex County. (ECF No. 8). Defendants Linden Bulk Transportation LLC ("Linden Bulk"), LBT Services LLC ("LBT"), M&S Leasing Co., L.L.C. ("M&S") and Odyssey Logistics & Technology Corporation ("Odyssey Logistics") oppose the motion. (ECF No. 13). The Honorable Susan Davis Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions (ECF Nos. 8, 13, 16, 25, 26), and for good cause shown, the Court recommends that plaintiff's Motion to Remand be **GRANTED**.

## I.   BACKGROUND

Plaintiff Werny Castro commenced this wage action against the above-referenced defendants in the Superior Court of New Jersey, Essex County, Law Division in August 2019. (Compl. ¶ 1, ECF No. 1-1). Castro alleged on behalf of himself and a putative class of truck drivers

that defendants violated the New Jersey Wage Payment Law ("NJWPL"), *N.J.S.A.* 34:11-4.1 to -4.14, by misclassifying as independent contractors those drivers who worked out of defendants' Linden, New Jersey facility from August 21, 2013 to present. (*Id.* ¶¶ 1, 23).

Defendants Linden Bulk and Odyssey Logistics filed a Notice of Removal to this Court on November 18, 2019, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (ECF No. 1). They averred that minimal diversity of citizenship exists under 28 U.S.C. § 1332(d)(2) because plaintiff is a citizen of New Jersey and defendant Odyssey Logistics is a citizen of Delaware and Connecticut. (*Id.* at 3-4).[1] Defendants further contended that the amount in controversy exceeds CAFA's $5,000,000 threshold and that the proposed class exceeds the minimum 100 individuals required by 28 U.S.C. § 1332(d)(5)(b). (*Id.* at 4-5).

Following removal of the action to this Court, defendants on November 25, 2019 filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) (ECF No. 6), and plaintiff on November 27, 2019 filed the instant motion to remand (ECF No. 8). On December 9, 2019, plaintiff filed an Amended Complaint as of right (ECF No. 9), pursuant to Fed. R. Civ. P. 15(a)(1)(B) (providing a party may amend pleading once within 21 days after service of a motion under Fed. R. Civ. P. 12(b)). The primary revision to the initial Complaint was the removal of all defendants but Linden Bulk from the Amended Complaint. (*See* ECF No. 9). Therefore, Odyssey Logistics, LBT and M&S are no longer parties to this action.

The Motion To Remand now before the Court was initially based on plaintiff's contention that CAFA subject matter jurisdiction was absent because the requisite $5,000,000 amount in controversy had not been demonstrated and that, even assuming that it had, remand would

---

[1] Defendants Linden Bulk, LBT and M&S are all alleged to be New Jersey citizens; Linden Bulk and LBT are also allegedly Delaware citizens. (Compl. ¶¶ 5, 16, 18, ECF No. 1-1).

2

nevertheless be warranted under CAFA's "discretionary exception," which requires *inter alia* that between one-third and two-thirds of the plaintiff class be New Jersey citizens. *See* 28 U.S.C § 1332(d)(3)(A)-(F). After defendant argued in opposition to the motion that plaintiff had failed to demonstrate the citizenship of the requisite percentage of the class for the discretionary exception to apply, the Court granted plaintiff's request for jurisdictional discovery from defendants as to how many members of the putative class were New Jersey citizens. (ECF No. 22). Once that discovery was provided by defendant, the parties filed supplemental briefs with leave of Court. (ECF Nos. 25, 26). Plaintiff, having learned from defendant's furnishing of discovery that more than two-thirds of the putative class is comprised of New Jersey citizens, now argues that the "mandatory home state" exception to CAFA, 28 U.S.C. § 1332(d)(4)(B), applies rather than the discretionary exception. Defendants contend that plaintiff waived its right to assert the "home state" exception by not having asserted that exception in its initial moving papers and further that the exception is inapplicable. The Court now addresses the issues raised by the motion.

## II.   ANALYSIS

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). CAFA provides federal courts with original jurisdiction over civil class actions if the matter in controversy exceeds the sum or value of $5,000,000, the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B).

CAFA also provides exceptions to the Court's exercise of jurisdiction, one of which is the mandatory "home state" exception. The home state exception is known as a mandatory exception because it "*requires* a federal court to decline to exercise subject matter jurisdiction in CAFA class

actions where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Vodenichar v. Halcon Energy Properties, Inc*., 733 F.3d 497, 503 (3d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(4)(B) (emphasis added)).

Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, *see, e.g., Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), the presumption against removal does not apply to class actions invoking jurisdiction under CAFA. Congress enacted CAFA to facilitate the adjudication of class actions in federal court, and its "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal. *See Judon v. Travelers Property Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007); *Coba v. Ford Motor Co*., 932 F.3d 114, 119 (3d Cir. 2019) ("jurisdictional facts are determined at the time of removal [or filing], not by subsequent events"). The party asserting jurisdiction has the burden of demonstrating that the case is properly before the federal court. *See Judon*, 773 F.3d at 500. Where relevant facts are in dispute, the removing party must justify its allegations by a preponderance of the evidence. *Frederico*, 507 F.3d at 194. And, "when relevant facts are not in dispute or findings have been made," the legal-certainty test applies. *Id*. at 197. Once jurisdiction has been established, however, the burden shifts to the party seeking remand to show that an exception requiring remand applies. *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009).

4

**A. Whether this Court has Original Jurisdiction Under CAFA**

The Court first analyzes subject matter jurisdiction with reference to the initial Complaint, which was the operative pleading at the time of removal. *See Coba*, 932 F.3d at 119. Here, it is undisputed that the class exceeds 100 members and that the parties are of "minimally diverse" citizenship in that plaintiff is a New Jersey citizen and defendant Odyssey Logistics is a Delaware and Connecticut citizen.

Therefore, the parties' dispute as to subject matter jurisdiction turns on whether the $5,000,000 amount in controversy threshold is satisfied. Plaintiff initially argued that defendants failed to establish the requisite amount in controversy. In response, defendants provided proofs by way of a declaration on personal knowledge from Linden Bulk's Vice President of Finance and Controller that the proposed class' charge-backs for operational expenses exceeded $12 million from January 19, 2017 through August 22, 2019 alone. (*See* Exh. A, Decl. of Joe Liuzzo, ¶ 4, ECF 13-1). That figure does not include all potential charge-backs for a class period running from "August 21, 2013 to the present," nor does it include the treble damages, costs, and attorney's fees sought in the Complaint. (ECF No. 1-1, Demand for Judgment). Subsequently, plaintiff's reply and supplemental briefs were silent on the amount in controversy, leaving defendants' certification unchallenged. *See Vaccaro v. Amazon.com.dedc, LLC*, No. 18-cv-11852 (FLW), 2019 WL 1149783, at *4 (D.N.J. Mar. 13, 2019) ("Unless Plaintiff submits other evidence to dispute Defendant's proofs, there is no factual basis for me to find that Defendant's certifications or other documentary evidence are not credible."). Thus, based on the uncontroverted figures included in Mr. Liuzzo's certification, defendants have met their burden of satisfying CAFA's amount-in-controversy threshold. Subject matter jurisdiction under CAFA has been demonstrated.

**B. Whether CAFA's Home State Exception Applies**

Subject matter jurisdiction under CAFA having been established, the burden shifts to plaintiff to show that an exception triggering remand should apply. *See Vodenichar*, 733 F.3d at 503 ("The party seeking to invoke [a CAFA] exception bears the burden of proving by a preponderance of the evidence that the exception applies"). Plaintiff asserts that the "home state exception" applies here. The mandatory home state exception requires a federal court to decline to exercise subject matter jurisdiction in CAFA class actions where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

In applying the home state exception to the facts before the Court, it finds, first, that the requisite number of plaintiff class members are home-state citizens. The jurisdictional discovery the Court compelled defendants to provide after the initial briefing of the motion to remand demonstrated that 78 percent of the class members are New Jersey residents. (Almedia Decl., Exh. B, ECF No. 25-3). This is undisputed. Therefore, the requirement that "two-thirds or more of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed," 28 U.S.C. § 1332(d)(4)(B), has been met.

Next, the Court determines whether the "primary defendants" are New Jersey citizens. Given that defendant Linden Bulk (the only remaining defendant in this action after the filing of the Amended Complaint) is indisputably a New Jersey citizen, the outcome of whether the home state exception applies turns on whether the Court must consider the initial or Amended Complaint in making this determination. Defendants assert that out-of-state defendant Odyssey Logistics, which was a party to the initial Complaint but omitted from the Amended Complaint, is a "primary defendant" whose inclusion would render the home state exception inapplicable.

The Court finds that under controlling Third Circuit precedent, it is the defendants who *remain* in the action at the time of the remand determination that govern whether CAFA's exceptions apply. In *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d Cir. 2009), the Third Circuit found that the District Court had erred in determining that CAFA's "local controversy" exception applied by considering the defendants named in the Complaint at the time of removal rather than the defendants who remained in the action at the time of its decision on the remand motion. It noted that although "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed," this "rule admits exceptions in cases where the parties change." *Id*. at 152. One such exception is the applicability of CAFA's exceptions that are "focus[ed] on discerning local controversies based, in part, on the presence of a significant local defendant." *Id*. at 153. The Circuit therefore "conclude[d] that the local controversy exception requires consideration of the defendants presently in the action" and held that the District Court had erred in focusing on a defendant that had been dismissed from the action in applying the CAFA exception. *Id.*

Applying *Kaufman*'s controlling rationale to the present case, the Court rejects defendants' argument that out-of-state defendant Odyssey Logistics is a "primary defendant" whose inclusion in a now-replaced version of the Complaint precludes satisfaction of the home state exception's requirements. Given plaintiff's filing as of right of the Amended Complaint removing Odyssey Logistics from the action, that out-of-state defendant cannot be deemed a "primary defendant" for purposes of determining whether the home state exception applies. *See id*. at 152-53. The sole remaining defendant, Linden Bulk, is indisputably a New Jersey citizen. Because the "primary defendant[ ] . . . [is a] citizen[ ] of the State in which the action was originally filed," 28 U.S.C. § 1332(d)(4)(B), this second and final criterion of the home state exception is also satisfied.

7

**C. Whether Plaintiff Waived the Home State Exception**

To the extent defendants contend that plaintiff waived the right to assert the home state exception by not raising it in the moving brief filed within thirty days of removal, the Court disagrees. The parties dispute whether CAFA exceptions are removal defects subject to the thirty-day deadline of 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003). Defendants argue that the home state exception does not bear on subject matter jurisdiction and thus should be regarded as a "defect" subject to § 1447(c)'s thirty-day deadline; however, they cite no cases in this Circuit (precedential or otherwise) that have so held, and the Court's research has disclosed none.

The Court notes it is entirely reasonable to view CAFA exceptions as constituting neither a "defect" nor "lack of subject matter jurisdiction" within the meaning of § 1447(c). Indeed, courts in other Circuits have treated CAFA exceptions as being in an altogether different category, similar to abstention doctrines. *See Graphic Communications v. CVS Caremark Corporation*, 636 F.3d 971, 973-76 (8th Cir. 2011) (CAFA exception was akin to abstention because the "decline to exercise" language of statute inherently recognized that court had subject matter jurisdiction but must actively decline to exercise it if the exception's requirements are met and is not subject to thirty-day deadline); *accord Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141-43 (2d Cir. 2013) (same); *Morrison v. YTB International, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (same); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 386-87 (6th Cir. 2016), *cert denied*, 137 S. Ct. 2242 (2017) (same). These courts have therefore found that CAFA exceptions are not subject to the thirty-day deadline of § 1447(c), holding that they must instead merely be raised within a

"reasonable time." *See Graphic Communications*, 636 F.3d at 974-76 (finding that "[CAFA's] local controversy provision was not a 'defect' within the meaning of section 1447(c)" and that it therefore "must be brought within a reasonable time"); *Gold*, 730 F.3d at 142-43 (motion to dismiss under CAFA's home state exception is not jurisdictional and must be raised "within a reasonable time"); *Watson v. City of Allen, Tx.*, 821 F.3d 634, 640 (5th Cir. 2016) ("Motions to remand pursuant to Section 1332(d)(4) must be brought within a reasonable time"). The Court finds these decisions persuasive.

Moreover, adopting defendants' position that the home state exception under CAFA is waived because it was not raised within thirty days of removal would be counter to the Third Circuit's decision in *Kaufman*. There, the Circuit concluded that the District Court had erred by not considering, in applying a CAFA exception, a development in the case that had taken place well more than thirty days after removal to the federal court. 561 F.3d at 153. That development – a change in the defendants remaining in the case at the time of the remand decision – is the very same development that the defendants would have this Court disregard here, in violation of *Kaufman*'s teaching. *See* Civ. No. 07-6160 (MLC), ECF Nos. 1, 73, 74, 75 (showing removal of case on December 28, 2007 and dismissal of NJM and other defendants on July 9, 2008). In light of *Kaufman*, and given that plaintiff promptly revised the basis of his remand motion to assert an exception that had come to light as a result of the jurisdictional discovery ordered by the Court, the Court does not view plaintiff to have waived the right to rely on CAFA's home state exception. It is recommended that the District Court find the mandatory home state exception satisfied here.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's Motion to Remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have fourteen days from the date they are served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan Davis Wigenton, U.S.D.J.

Dated: April 20, 2020

*s/ Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge

Original: Clerk of the Court
cc: Hon. Susan Davis Wigenton, U.S.D.J.
All Parties